IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN FREEMAN BOOTH, JR., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:24-cv-00269 |
| | § | |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| ANSCHUTZ ENTERTAINMENT GROUP, INC., | § | |
| AEG LIVE, LLC, ANSCHUTZ TEXAS, LP, | § | |
| AEG PRESENTS, LLC, and ROBIN PHILLIPS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff John Freeman Booth, Jr. ("Plaintiff") files Plaintiff's Original Complaint against Defendants Anschutz Entertainment Group, Inc. ("AEG"), AEG Live, LLC ("AEG Live"), Anschutz Texas, LP ("Anschutz Texas"), AEG Presents, LLC ("AEG Presents"), and Robin Phillips ("Phillips") (taken together the "Defendants") and respectfully states as follows:

### I.

### PRELIMINARY STATEMENT

Justin Bieber. Jackson Browne. Matchbox Twenty. These are just some of the artists for whom Plaintiff created original hand done paintings. Plaintiff created over forty such paintings over the span of a just few years. His works have been created for and sold to celebrities and world leaders. His works were even shown in the opening of the Atlantis Hotel in Dubai.

But, when the Defendants decided to remodel their leased concert space, they destroyed some of his artworks. When they did so, they knowingly violated his statutory rights. Plaintiff seeks to enforce his statutory rights which Defendants knowingly violated.

## II.

## **PARTIES**

1. Plaintiff is a living individual and resides in Pagosa Springs, Colorado. Plaintiff is a visual artist and creator of the body of works of visual art referred to in this Complaint as the Artworks.

2. On information and belief, Individual Defendant Robin Phillips ("Phillips") is a resident of Tarrant County, Texas; on information and belief, she is and has been at all material times a Vice President of AEG Presents, LLC and personally participated in, supervised, and directed the VARA violations alleged in this Complaint. She may be served with process at her office located at 1001 Performance Place, Grand Prairie, Texas 75050, Texas or through her employer's registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever she may be found.

3. On information and belief, Defendant Anschutz Entertainment Group, Inc. is a Colorado corporation and has been at all material times a corporation doing business in Texas. It may be served with process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. On information and belief, Defendant AEG Live, LLC has been at all material times a limited liability company doing business in Texas. It may be served with process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. On information and belief, Defendant Anschutz Texas, LP is a Texas limited partnership and has been at all material times a Texas limited partnership doing business in Dallas County, Texas. It may be served with process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      On information and belief, Defendant AEG Presents, LLC (formerly known as AEG Live) is and has been at all material times a Delaware limited liability company registered to do business and doing business in Texas. AEG Presents is the second-largest presenter of live music and entertainment events, after Live Nation. It may be served with process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.      Defendants Anschutz Entertainment Group, Inc., AEG Live LLC, Anschutz Texas LP, and AEG Presents LC are referred to collectively herein as "AEG" or the "AEG Defendants." The term "Defendants" when used by itself refers to all Defendants collectively.

8.      On information and belief, the AEG Defendants operated at the time of the events complained of, the venue currently known as the "Texas Trust CU Theatre at Grand Prairie" (previously known as "The Verizon Theater," and before that as "Nokia Theatre" and "NextStage Performance Theater") ("Theatre"). The Theatre is owned by the City of Grand Prairie and leased by AEG from the City of Grand Prairie. The Theatre is located in Dallas County, Texas.

9.      Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants were acting in concert and actively participating with each other in committing the acts alleged herein and were agents of each other and were acting within the scope and authority of that agency with knowledge, consent and approval of one another.

### III.

### JURISDICTION AND VENUE

10.     This court has jurisdiction of the Visual Artists Rights Act ("VARA") claims under 17 U.S.C. § 106A and 28 U.S.C. § 1331 and 1338(a).

11.     Venue is proper in this Court under 28 U.S.C. § 1391 (b) and (c) because all Defendants are residents of this District for the purpose of determining venue and a substantial part of the events giving rise to the claims occurred in this District.

12.     Venue is appropriate in the Dallas Division because the Theatre is in Dallas County.

## IV.

## FACTUAL BACKGROUND

13.     This controversy arises because of Defendants' intentional mutilation and/or destruction of paintings created by Plaintiff – which are of recognized quality and of substantial public interest – including, without notice, by disposing of them, some of them in a dumpster. Defendants were also grossly negligent by failing to properly maintain and protect Plaintiff's paintings and disposing of them without first making a reasonable effort at restoration or to repair any damage. These acts were done without Plaintiff's prior knowledge or consent and in violation of his rights under VARA.

14.     In about 2007, Plaintiff began painting performer portraits for the Texas Trust CU Theatre at Grand Prairie" (Theatre). These artworks achieved recognized stature and included hand painted portraits of performers and famous persons appearing at local Dallas area venues.

15.     Between about 2007 and 2010, Plaintiff painted and delivered at least 40 performer portraits, which were placed on the walls of the Theatre. **Appendix A** contains a list of over 40 performer portrait paintings (Plaintiff's Artworks) that Plaintiff sold to the Theatre and delivered to Defendants' possession and care. Plaintiff's Artworks were and are fully protected by VARA.

16.     AEG manages the Theatre and describes the Theatre as a five-story concert and entertainment facility seating over 6,000. To see the Theatre at Grand Prairie's promotions of the performer portraits, go to YouTube. See https://youtu.be/KjNFm5_1YfQ?

17. Upon information and belief, based upon average, over twenty-five thousand individuals attend performances at the Theatre per month. See https://maps.app.goo.gl/kMAjs9HMgDLEsHSZ7 for an online tour of the Theatre including the backstage areas.

18. Plaintiff's Artworks were prepared without the performer's presence, requiring the use of acceptable approved images of the performer. Plaintiff's Artworks for the Theatre (including those listed in **Appendix A**) were based on images furnished to him by the Theatre (or AEG), including images sometimes called "admats," and the portraits constituted derivative works which are and were fully protected by VARA.

19. Plaintiff's Artworks were delivered to the Theatre, contained Plaintiff's name and identifying logo, and were viewed and presented to the performer for autographing.

20. Upon information and belief, some of Plaintiff's Artworks were also autographed by the performers.

21. Upon information and belief, some of Plaintiff's Artworks were shown to other performers as an enticement to perform at the Theatre.

22. In creating the Plaintiff's Artworks for the Theatre (including those listed in **Appendix A**), Plaintiff was a 1099 independent contractor rather than an employee, and the paintings were not "works made for hire."

23. Plaintiff retained the copyrights to Plaintiff's Artworks, and no copies thereof can be made without his prior consent.

24. At no point did Plaintiff waive his rights under VARA.

25. Plaintiff delivered at least forty (40) paintings to AEG's possession.

26. Plaintiff recently learned that Defendants had mutilated and/or destroyed performer portraits (artworks) that had been on display at the Theatre and trashed and disposed of them in a dumpster.

27. Upon information and belief, some, but not all, of Plaintiff's Artworks remain in the possession of Defendants.

28. Upon information and belief, AEG disposed of some of Plaintiff's Artworks.

29. Upon information and belief, AEG disposed of Plaintiff's Artworks in a dumpster.

30. Upon information and belief, Defendants removed signatures, attributions, or other indicia of Plaintiff's creation of Plaintiff's Artworks and portraits.

31. Upon information and belief, Defendants intentionally mutilated and/or destroyed a number of Plaintiff's Artworks without giving Plaintiff prior notice and without obtaining his consent.

32. Upon information and belief, Defendants failed to maintain and safeguard Plaintiff's paintings and disposed of them without first making a reasonable effort at restoration or to repair any damage.

33. Defendants also did not provide notice or any opportunity for Plaintiff to object or to protect Plaintiff's Artworks and took no steps to provide any notice of the destruction of Plaintiff's Artworks.

34. Upon information and belief, Defendants' acts of mutilation and/or destruction (disposal) of Plaintiff's Artworks were intentional. In addition, Defendants were aware of their duty under VARA not to destroy artwork of this character. Defendants were on notice as to artists' legal right of integrity and its protection under VARA and still destroyed and/or mutilated Plaintiff's artworks.

35. Defendants were well aware of the VARA statute prohibitions, as Defendants had previously been sued for destroying artworks under VARA. *See Ockerman v. Anschutz Entertainment Group, Inc.*, No. 2:11-cv-09422 (C.D. Cal. filed 11/14/2011) ("*Ockerman*").

36. Upon information and belief, AEG was sued in *Ockerman* for dumping artworks in the trash and settled the case before trial.

37. Notwithstanding the fact that AEG had settled the previous VARA suit for destroying artworks (paintings), AEG was undeterred from mutilating and/or destroying Plaintiff's Artworks that had been on display and misleading about the destruction.

## V.

## CAUSES OF ACTION

### A. VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (17 U.S.C. §106A) RIGHT OF INTEGRITY

38. Plaintiff incorporates and realleges all previous allegations as if fully set forth herein.

39. Plaintiff's Artworks are each works of visual art referred to in this Complaint as Plaintiff's Artworks. Plaintiff's Artworks consisted of works of a recognized stature.

40. On information and belief, Defendants willfully and intentionally destroyed, distorted, mutilated, and/or otherwise modified Plaintiff's Artworks.

41. Plaintiff did not give consent to Defendants to destroy or mutilate Plaintiff's Artworks. Plaintiff has not waived any of his rights granted under VARA, 17 U.S.C. § 106A.

42. On information and belief Defendants acted willfully, intentionally, and/or with gross negligence in destroying and mutilating and destroying Plaintiff's Artworks. Defendants' destruction of Plaintiff's Artworks of recognized stature is the proximate cause of prejudice to Plaintiff's honor and reputation.

43. On information and belief, Defendants were grossly negligent by failing to maintain and safeguard Plaintiff's Artworks and disposing of them without first making a reasonable effort at restoration or to repair any damage.

44. The destruction, distortion, mutilation, and/or modification of Plaintiff's Artworks occurred in a manner prejudicial to his honor and/or reputation and causing him substantial harm in this regard.

45. Plaintiff is entitled to compensatory (actual and/or statutory damages) for the injuries and loss sustained as a result of Defendants' conduct and any additional profits of Defendants not taken into account in computing actual damages.

46. Plaintiff is entitled to recover his reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

47. Because Defendants acted willfully, pursuant to VARA and the Copyright Act, Plaintiff is entitled to, and seeks, penalties of up to $150,000 for each of his paintings destroyed under 17 U.S.C. § 504(c).

### B.  VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (17 U.S.C. § 106A) RIGHT OF ATTRIBUTION

48. Plaintiff incorporates and realleges all previous allegations as if fully set forth herein.

49. Under VARA, Plaintiff was entitled to receive credit for his authorship of Plaintiff's Artworks.

50. Plaintiff has not waived his rights under VARA.

51. Defendants violated Plaintiff's right of attribution under VARA by destroying and/or mutilating Plaintiff's Artworks and depriving him of the right to receive credit for his work.

52. Defendants' actions injured Plaintiff and his honor and reputation, and Defendants are liable to Plaintiff for actual or statutory damages, at his election, as well as attorneys' fees and costs, under 17 U.S.C. §§ 504(c), 505.

## VI.

## JURY DEMAND

Plaintiff respectfully demands trial by jury.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment as follows:

a.  A judgment in Plaintiff's favor and against Defendants on all of Plaintiff's claims against Defendants;

b.  For compensatory damages and any additional profits of Defendants not taken into account in computing actual damages;

c.  That Plaintiff receive statutory damages under 17 U.S.C § 504(c) for each violation of rights under VARA up to the maximum allowed by law, or actual damages, as well as attorneys' fees under 17 U.S.C. § 505;

d.  That the Court award Plaintiff his attorneys' fees, costs, and expert fees, as allowed by law;

e.  An award of prejudgment and post judgment interest, as provided by law;

f.  That the Court order Defendants to provide an accounting and proof regarding Plaintiff's Artworks and identify the location of these works; and

g.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Charles W. Gameros, Jr., P.C.*
Charles W. Gameros, Jr., P.C.
Texas State Bar No. 00796596
**HOGE & GAMEROS, L.L.P.**
6116 N. Central Expressway, Suite 1400
Dallas, Texas  75206
Telephone:  (214) 765-6002
Facsimile:  (214) 559-4905
E-Mail:     BGameros@LegalTexas.com

**ATTORNEYS FOR PLAINTIFF**
**JOHN F. BOOTH, JR.**

John Booth v. AEG et al
Appendix A

| Ref | Picture | Items/ Performers |
|---|---|---|
| 1 | | Barenaked Ladies |
| 2 | | Bellator |
| 3 | | Bill Engvall |
| 4 | | Black Label Society |
| 5 | | Blackstreet |
| 6 | | Carlos Mencia |
| 7 | | Curious George |
| 8 | | Dierks Bentley |
| 9 | | Erykah Badu |

Case 3:24-cv-00269-K   Document 1   Filed 02/02/24   Page 12 of 16   PageID 12

John Booth v. AEG et al.
Appendix A

| Ref | Picture | Items/ Performers |
|---|---|---|
| 10 | | Evanescence |
| 11 | | George Lopez |
| 12 | | Godsmack |
| 13 | | Gordon Lightfoot |
| 14 | | HippieFest |
| 15 | | Hullabaloo |
| 16 | | Jackson Browne |
| 17 | | Janni Rivera |
| 18 | | Justin Bieber |

Case 3:24-cv-00269-K   Document 1   Filed 02/02/24   Page 13 of 16   PageID 13
John Booth v. AEG et al
Appendix A

| Ref | Picture | Items/ Performers |
|---|---|---|
| 19 | | Lady Antebellum |
| 20 | | Lamb of God |
| 21 | | Magaret Cho |
| 22 | | Marilyn Manson |
| 23 | | Matchbox Twenty |
| 24 | | Maze |
| 25 | | Megadeth |
| 26 | | Morris Day and the Time |
| 27 | | Paramore |

| Ref | Picture | Items/ Performers |
|---|---|---|
| 28 |  | Queensryche |
| 29 |  | Randy Travis |
| 30 |  | Russell Peters |
| 31 |  | Sarah Mclachlan |
| 32 |  | Scorpions |
| 33 |  | Sheryl Crow |
| 34 |  | Shinedown |
| 35 |  | So You Think You Can Dance |
| 36 |  | Steely Dan |

Case 3:24-cv-00269-K   Document 1   Filed 02/02/24   Page 15 of 16   PageID 15

John Booth v. AEG et al.
Appendix A

| Ref | Picture | Items/ Performers |
|---|---|---|
| 37 | | Stole Christmas |
| 38 | | Storytime |
| 39 | | Styx w Boston |
| 40 | | Styx w Foreigner |
| 41 | | The Australian Pink Floyd |
| 42 | | The Gruesome Twosome |
| 43 | | The Men of Soul |
| 44 | | Trans-Siberian Orchestra |
| 45 | | Weird Al Yankovic |

John Booth v. AEG, et al.
Appendix A

| Ref | Picture | Items/ Performers |
|---|---|---|
| 46 |  | Widespread Panic |